No. 940

CLEVELAND RY. CO. v. PETRUSHOFF

No. 19394. Supreme Court

On motion to certify. Dock. Oct. 26, 1925; 3 Abs. 674.

209. CARRIERS—1. Does fact that Company has its physician examine the plaintiff of alleged injuries, admit liability on part of the Company?

2. Is carrier of passengers responsible for injuries to a passenger due to violence done him by the conductor when such violence is claimed to be proximately due to violence offered the conductor by such passenger?

Tom Petrushoff filed his petition in the Cuyahoga Common Pleas against the Cleveland Railway Co. alleging that he was assulted by the conductor of the trailer car on which he was riding whereby he sustained injuries consisting chiefly of a fractured nose. This claim of injury was disputed.

It seems that Petrushoff upon boarding the car dropped a ticket into the fare box and was informed by the conductor that the fare had been raised; and requested him to drop in another penny. It was claimed by the Company that Petrushoff dropped the penny into the box but struck the conductor a blow in the face and proceeded to a seat. The conductor after a short lapse of time and upon the discovery of blood on his face, went over to where Petrushoff sat and there ensued a fight.

Petrushoff, in the Cuyahoga Common Pleas, secured a verdict and judgment in his favor in the sum of $2500 which was affirmed by the Court of Appeals. The case was taken to the Supreme Court where it was contended by the Company that the evidence tended to show that Petrushoff struck the first blow and that the issue in this case was whether the injuries sustained by Petrushoff were due to resentment induced by his own unlawful and violent acts.

The following request was made to the court before argument, which was refused: "If you find from a preponderance of the evidence that plaintiff by his conduct on the street car, and by violence offered by him to the conductor of the trailer car, provoked by a personal quarrel between himself and the conductor, and that the violence offered the plaintiff by the conductor was so offered purely from personal resentment caused thereby, then for such acts of the conductor, the Company would not be liable and the plaintiff cannot recover therefor." It is claimed that this request was based accurately upon Rd. Co. v. Wetmore, 19 OS. 110.

It is submitted that even if the evidence did show a short delay, the question whether the act of the conductor was due entirely to resentment caused by the unwarranted and violent treatment of him by the passenger was a question for the jury, and if the jury found that it was so induced, then the company would not be responsible. It was further contended that the court charged improperly on the question of whether the violence offered Petrushoff by the conductor was the immediate and proximate result of the violence by Petrushoff to the conductor and a result of personal resentment thereby stirred, that Petrushoff would not be entitled to recover therefor. It is claimed that by declining so to charge in the presence of the jury, the court placed the stamp of disapproval upon the proposition.

It is claimed that other passengers in the car testified to the effect that Petrushoff struck the first blow; and that "if the language or conduct is such as is calculated to incite the employe's passion, it may debar the passenger from recovering for the assult."

It is urged that there was error in argument of counsel for Petrushoff in that it was stated that the Company knew it was liable because it had its physician examine him. The objection to this statement was overruled by the Court. It is stated that such examination is customary if a claimant presents himself; and the law of Ohio allows an examination of the alleged injuries of plaintiff in any event; failing to instruct the jury to disregard this statement, the court approved it, it is claimed, and treated the examination as an admission of liability.

Attorneys—Squire, Sanders & Dempsey for Company; Vickery & Vickery and Richard M. Collins for Petrushoff; all of Cleveland.

---

(Continued from Page 703)

that the court erred in charging as to contributory negligence, in that it did not submit to the jury the question whether or not the husband and wife were, at the time of the explosion, engaged in a joint enterprise and did not charge that if they were, the negligence of either while carrying on such joint enterprise, would be chargeable to the other.

10. The evidence fails to disclose that Mrs. Clarke was participating in the building of the fire at the time the explosion occurred.

Judgment affirmed.

Attorneys—Denman, Wilson, Miller & Wall, Toledo; H. H. DeMuth, Bryan; and W. H. Shinn, Montpelier, for Refining Co.; Charles E. Scott, Bryan, and Charles A. Thatcher, Toledo, for Higbea et.